IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINE ROBERTSON, :
    Plaintiff :
     :
    vs.     CIVIL NO. 1:CV-09-0850
     :
EXPERIAN INFORMATION :
SOLUTIONS, INC.,
TRANS UNION, LLC, :
NATIONAL RECOVERY AGENCY, INC.,
    Defendants :

## *M E M O R A N D U M*

### *I.    Introduction*

On May 5, 2009, plaintiff Christine Robertson, a resident of Centennial, Colorado, filed this action against defendants Experian Services Corporation ("Experian"), Trans Union, LLC ("Trans Union") and National Recovery Agency, Inc. ("NRA") for damages she sustained when Experian and Trans Union allegedly distributed inaccurate information on her credit report. Defendants Experian and Trans Union filed motions for summary judgment. For the reasons that follow, the motions are denied in part and granted in part.

### *II.    Background*

This litigation relates to a collection account that plaintiff claims was improperly reported in credit reports supplied by Trans Union and Experian beginning in 2009. Experian's Statement of Material Facts ("SMF") ¶ 7. The account was first

reported by defendant NRA on January 29, 2009.  Experian's SMF ¶ 8.[1]  This collection account allegedly arose out of a debt owed to BMG Music Club which plaintiff claims she paid. (Doc. 32 pg. 1).  Robertson twice disputed the account with Experian and, allegedly, twice with Trans Union.[2]

In response to plaintiff's first dispute, on March 28, 2009, Experian initiated its reinvestigation procedures by contacting NRA to verify the existence of the account.  Experian's SMF ¶ 11.  NRA responded by confirming the accuracy of the account on April 16, 2009.  Experian's SMF ¶ 13.  Consequently, Experian notified Robertson of the confirmation of the account and continued to report it on her credit report.  Experian's SMF ¶ 14.  On April 22, 2009, plaintiff again disputed the NRA information on her credit report.  Likewise, on May 9, 2009, Robertson disputed the NRA item with Trans Union.  Trans Union's SMF ¶ 9.  Three day later Trans Union deleted the NRA item from plaintiff's credit report.  Trans Union's SMF ¶ 9.  Experian was informed once again by NRA that the collection account information was correct.  Experian's SMF ¶ 19.  Subsequently, on or about June 23, 2009, NRA contacted Experian and requested it delete the collection account from its credit reports.  Experian's SMF ¶ 22.

Plaintiff filed the instant litigation on May 5, 2009 claiming the defendants Experian and Trans Union negligently and willfully violated 15 U.S.C. §§ 1681e(b) and 1681i by failing to maintain reasonable business procedures and failing to appropriately investigate her dispute.  On May 12, 2009, Robertson amended her complaint.  Subsequently, Experian and Trans Union filed the instant motions for summary judgment.

---

[1] NRA has not moved for summary judgment.

[2] Trans Union argues that Robertson only disputed the claim once.  However, Robertson contends that she twice disputed the information related to the NRA collection account with Trans Union.

2

*III.	Discussion*

   *A.	Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986). Summary judgment must be entered for the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* at 586-87 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L.Ed.2d at 274. It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211-12 (1986)). A fact is "material" when it would affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

When a moving party has carried its burden, the burden shifts to the nonmoving party to demonstrate that an issue of material fact exists.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," and cannot "simply reassert factually unsupported allegations contained in [the] pleadings."  *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (citation omitted).  "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 (citations omitted).  Factual averments in briefs do not satisfy the nonmoving party's burden.  *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992).

### B. Fair Credit Reporting Act

The FCRA was enacted to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."  15 U.S.C. § 1681(b); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996).  If a consumer challenges the accuracy of the information in a credit report, 15 U.S.C. § 1681i requires a consumer reporting agency to follow certain procedures to reinvestigate the accuracy of the data.  If an agency is negligent in failing to adhere to the requirements of the FCRA, the Act provides for civil liability for actual damages, costs and attorney's fees.  *See* 15 U.S.C. § 1681o.  Furthermore, if an agency willfully fails to comply with the FCRA, the Act imposes liability for punitive and,

4

potentially, statutory damages.  *See* 15 U.S.C. § 1681n.  Neither Experian nor Trans Union dispute that they are consumer reporting agencies as defined by the FCRA.

### 1.  15 U.S.C. § 1681e(b)

Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information."  To prove a case of negligent noncompliance with § 1681e(b), a plaintiff must prove: (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum accuracy; (3) injury to the consumer; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.  *Philbin*, 101 F.3d at 963.  To show willful noncompliance, a plaintiff must prove that the defendants "knowingly and intentionally committed an act in conscious disregard for the rights of others but need not show malice or evil motive."  *Cushman v. Trans Union Corp.,* 115 F.3d 220, 226 (3d Cir. 1997)(quoting *Philbin*, 101 F.3d at 970).  In addition, reckless disregard of FCRA requirements qualifies as a willfull violation of the Act.  *See Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 71, 127 S.Ct. 2201 (2007).

Both Experian and Trans Union contend that Robertson cannot establish a claim under section 1681e(b).  Specifically, Experian argues that Robertson's claim must fail because she cannot establish causation.  Trans Union further argues that it followed reasonable procedures to assure accuracy of its credit reports and that Robertson has failed to show an actual injury.

The record demonstrates that Robertson has proffered sufficient evidence of a plausible injury including damages for emotional distress.  In a letter dated April 20, 2009, Barclays Bank Delaware reduced Robertson's credit limited based, in whole or in part, on a credit report received from Trans Union.  (Doc. 32, Ex. B).  Similarly, American

Express revised Robertson's credit limit based on a report provided by Experian. (Doc. 2, Ex. E). Robertson also testified in her deposition that she lost credit opportunities by not applying for a company credit card because of fear that her low credit score, caused by inaccurate credit reports, would foreclose approval. (*See* Doc. 29. Ex. F). She also claims to be suffering from emotional distress, specifically fibromyalgia, as a result these issues. (Doc. 29, Ex. F). "The loss of credit opportunities constitutes compensable harm under the FCRA." *Lawrence v. Trans Union, LLC.*, 296 F.Supp.2d 582, 588 (E.D. Pa. 2003)(citing *Philbin*, 101 F.3d 957). Likewise, it is not necessary for the plaintiff to state her emotional distress damages with a great degree of particularity. *Philbin*, 101 F.3d at 963 n.3). We conclude Robertson has presented sufficient evidence of an actual injury and emotional distress to proceed with her claim. Furthermore, she has offered sufficient evidence indicating that her injuries were caused by the inclusion of the inaccurate information in her Experian and Trans Union credit reports.

  As argued by Trans Union, a consumer reporting agency can only be held liable for inaccuracies which are the result of its failure to follow reasonable procedures. *Philbin*, 101 F.3d at 963. Reasonable procedures are "those that a reasonably prudent person would undertake under the circumstances." *Id.* (quoting *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984). "Judging the reasonableness of a credit reporting agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Philbin*, 101 F.3d at 963. Typically, the question of reasonableness is reserved for the trier of fact. *O'Brien v. Equifax Info. Servs., LLC.*, 382 F.Supp.2d 733, 736 (E.D. Pa. 2005)(citing *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001)).

  In *Philbin*, the Third Circuit discussed, without endorsement, three possible standards for plaintiff's burden of proof on whether a defendant followed

reasonable procedures for a section 1681e(b) claim. *Philbin*, 101 F.3d at 963-66. Under the most stringent standard, the burden of proof remains with the plaintiff to "produce some evidence beyond a mere inaccuracy in order to demonstrate the failure to follow reasonable procedures." *Id.* at 965. This standard requires a plaintiff to produce minimal evidence from "which a trier of fact can infer" a failure to follow reasonable procedures. *Id.* at 964. The middle standard requires the plaintiff to maintain the burden of proof even after she has demonstrated inaccurate reports. Under the middle standard, the "plaintiff may present [her] case to the jury on the issue of reasonable procedures merely by showing an inaccuracy in the consumer report." *Philbin*, 101 F.3d at 965. A defendant, however, could prevail on summary judgment "only if it were to produce evidence that demonstrates as a matter of law that the procedures it followed were reasonable." *Id.* Finally under the least stringent standard, once a plaintiff demonstrates inaccuracies in a credit report, the burden shifts to the defendant to prove reasonable procedures as an affirmative defense. *Id.*

Under two of the three standards, Robertson meets her burden by merely producing undisputed evidence of an inaccuracy in her Trans Union credit report. *See O'Brien*, 382 F.Supp2d 733 (denying summary judgment because the plaintiff satisfied two of the three standards); *see also Campbell v. Chase Manhattan Bank, USA, N.A.*, No. 02-3489, 2005 WL 1514221 (D.N.J. June 27, 2005)(denying summary judgment because the plaintiff satisfied the least stringent standard). Trans Union makes much of the fact that it did not know of any inaccuracy until after it was notified by the plaintiff. (Doc. 30-3, pg. 2-5). This fact, however, is irrelevant in our analysis. Robertson has produced evidence that her credit report was inaccurate. Trans Union has not rebutted that evidence. Therefore, we conclude that Robertson has met her burden under two of

the three *Philbin* standards. Thus, we will deny the motions for summary judgment on this claim.

### 2. 15 U.S.C. § 1681i

Section 1681i of the FCRA provides, in relevant part: "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the customer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item." Trans Union and Experian argue that Robertson cannot demonstrate an actual injury and there is no evidence that they failed to reasonably reinvestigate her dispute. We have already concluded that Robertson has shown an actual injury. Therefore, our inquiry will focus on the issue of reinvestigation.

> Interpreting section 1681i(a) in *Cushman*, the Third Circuit held:
>
> [I]n order to fulfill its obligation under 1681i(a) 'a credit reporting agency may be required, in certain circumstances, to verify the accuracy of its initial source of information.' *Henson*, 29 F.3d at 287. We further hold that '[w]hether the credit reporting agency has a duty to go beyond the original source will depend' on a number of factors. *Id.* One of these is 'whether the consumer has alerted the reporting agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable.' *Id.* A second factor is 'the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer.' *Id.* Whatever considerations exist, it is for the trier of fact [to] weigh the[se] factors in deciding whether [the defendant] violated the provisions of section 1681i.

*Cushman*, 115 F3d at 225-26 (bracketed material and citations in original).

Robertson gave adequate notice of the inaccurate credit information contained in her credit reports. Plaintiff indicates that she made two attempts to correct

8

this information on both her Trans Union and Experian credit reports. (Doc. 32, Ex. C pg. 16) ;Experian's SMF ¶¶ 9, 16. Plaintiff testified that the only response she received from both credit agencies was that the information was verified. (Doc. 32, Ex. C pg. 16). This evidence, while not overwhelming, is sufficient to create a triable issue on the reasonableness of Trans Union and Experian's reinvestigations.

### 3. Punitive Damages

Section 1681n allows for the award of punitive damages when "[a]ny person willfully fails to comply with any requirement imposed" under the FCRA in "such amount...as the court may allow." 15 U.S.C. § 1681n.

> [T]o justify an award of punitive damages, a defendant's actions must be on the same order as willful concealments or mispresentations. If [a plaintiff] can prove...that [a defendant] adopted its reinvestigation policy either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights, she may be awarded punitive damages.

*Cushman*, 115 F.3d at 227.

Here, the plaintiff simply offers no evidence indicating willful or reckless conduct on the part of Trans Union or Experian. Trans Union and Experian's alleged failure to detect the inaccurate information may indicate negligence, but is not enough to show a willful disregard of Robertson's rights. In light of her failure to meet her burden, we will grant summary judgment and dismiss the claims of punitive damages against Defendants Trans Union and Experian.

*IV.	Conclusion*

        For the foregoing reasons, Trans Union and Experian are not entitled to summary judgment on Robertson's negligence claims, but are entitled to summary judgment on her willful violation claims.  As a result, this case will proceed to trial on the issues outlined in this memorandum.

        We will issue an appropriate order.

                                    <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge

Date: April 2,, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINE ROBERTSON, :
    Plaintiff :
:
    vs.                          CIVIL NO. 1:CV-09-0850
:
EXPERIAN INFORMATION :
SOLUTIONS, INC.,
TRANS UNION, LLC, :
NATIONAL RECOVERY AGENCY, INC.,
    Defendants :

O R D E R

AND NOW, this 22nd day of April, 2010, upon consideration of defendants Experian Services Corporation and Trans Union, LLC motions for summary judgment (doc. 29, 30), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

    1. Defendants' motions for summary judgement are denied in part and granted in part.

    2. Plaintiff's claims for punitive damages and willful violations of 15 U.S.C. §§ 1681e(b) and 1681i are dismissed.

    3. This matter will proceed to trial on plaintiff's claims against defendant National Recovery Agency, Inc., and her claims against defendants Experian Services Corporation and Trans Union, LLC for violations of 15 U.S.C. §§ 1681e(b) and 1681i.

                                     /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge